Mr. Justice Cox
delivered tbe opinion of tbe court.
Tbe case of tbe Eiftb Baptist Cburcb against tbe Baltimore & Potomac Railroad Company, is a second action for damages for tbe continuance of an alleged nuisance to tbe property of tbe plaintiff, for wbicb a prior action was brought and a judgment recovered. Tbe suit is brought in tbe name of tbe Fifth Baptist Cburcb of Washington, D. C., by its trustees. Tbe declaration commences by stating that-—
“Tbe plaintiff is a body corporate in the District of Columbia, under and by virtue of tbe general act of incorporation of tbe Congress of The United States, approved tbe 5th day of May, A. D. 1870.”
Tbe first plea filed in this case was:
“ That tbe said plaintiff was not, at the’ time of tbe com *44 mencement of this suit, and never was, a body corporate or politic as set forth and alleged in and by said declaration.”
When the plaintiff rested, the defendant by its counsel prayed the court to instruct the jury to render a verdict for the defendant, on the ground.that the plaintiff had failed to prove that it was a corporation as alleged, and to further instruct the jury that the defendant was entitled to judgment Upon the first, fourth and fifth pleas, which motion the court overruled and denied. This was the principal issue in the case, and the one which raised the only serious question of law in the case which had not been decided in the former action.
' It appears by the evidence that as far back as June and July, 1863, the ground on which the Baptist Church was erected had been conveyed to certain parties as trustees of the. Island Baptist Church. To sustain the affirmative of this issue on the part of the plaintiff, the following paper was offered in evidence:
“ Incorporation Charter of the Fifth Baptist Church, Washington, D. C. Recorded, September 6, 1811, 11 a. m.
“We, C. C. Meador, George M. Kendall [and others whom it is unnecessary to name here] do hereby certify that we have been duly elected ‘trustees of the Fifth Baptist Church, of Washington, D. Cf (commonly called ‘the Island Baptist Church ’); and that this certificate is made, signed and sealed for the purposes of obtaining corporate rights and privileges for the said Fifth Baptist Church, a religious society worshipping at present in their church edifice on D street south, between Four-and-a-half and Sixth streets, in said city of Washington, under the provision of an act of Congress approved May 5, 1810, entitled ‘An act to provide for the creation of corporations in the District of Columbia by general law.’
“In testimony whereof, we hereunto set our hands and affixed our seals this twenty-fourth day of August, in the year of our Lord one thousand eight hundred and seventy-one.”
*45 This is signed and sealed by the parties, and acknowledged before Edmund F. Brown, a notary public, and certified to be a true and verified copy of a certificate of incorporation, and the whole of the same, as recorded in Liber No. 1, folio 153 et seq., “Acts of Incorporation for the District of Columbia,” by George F. Schayer, deputy recorder.
The defendant’s counsel objected to this as evidence of incorporation under the law, upon the ground that it was not the paper that the law directs and allows to be recorded. On looking at the Revised Statutes of the District of Columbia, we find in section 535, under class 2, in regard to these societies, that:
“The persons elected or appointed as trustees shall immediately thereafter make a certificate under their hands and seals, stating the date of their election or appointment, the name of the society or congregation, and length of time for which they were elected or appointed, which shall be verified by the affidavit of one of the persons making the samé, and shall be filed and recorded in the office of the recorder of deeds of the District.”
This certificate does not state the date of the election or appointment of the trustees. It does not state the length of time for which the trustees were elected or appointed, and it is not verified by affidavit, but is' simply acknowledged before a notary public. It does state the name of the society. So that it only complies with one out of four requisites prescribed by the law, to make it a complete and valid certificate of incorporation.
The answer made to this by the plaintiff is two-fold. First, it is claimed that the making and filing of this certificate of incorporation is not by the law made a condition precedent to the' incorporation, but that the provisions of the statute in that regard are purely directory.
In looking at the law, we find that it contains provisions in reference to different classes of incorporations. For instance, boards of trade and cemetery companies are not required to file any certificate at all, but upon the mere *46 election of trustees they are thereupon made bodies corporate. Trading and manufacturing corporations, on the other hand, are required to file a certificate; and it is provided that on the filing and recording of such certificate, they shall become a body corporate, and shall have such and such powers. In respect to religious societies it is provided that they may purchase or receive by gift a quantity of land, may assume a name, and may elect or appoint any number of trustees, not exceeding ten, who shall be styled trustees of such society or congregation. Then these trustees are directed to make and file this certificate, stating the date of their election or appointment, the name of the society or congregation, and the length of time for which they were elected or appointed. After these directions, it is said :
“Such trustees and their successors shall have perpetual succession and existence,” &c.
But it is not said that upon the filing of the certificate, the trustees shall have this perpetual succession, &c., nor is there any other language which makes this a duty essential to the incorporation of the society. That is one answer. And it is claimed, therefore, that the provisions concerning the election or appointment of trustees, and the other formalities specified in section 535, are purely directory and not prerequisite to the grant'of corporate power.
Another answer is, that even if the filing of this certificate is made a condition of the corporate existence of the society, still if it be shown that a colorable organization was effected, and it is further shown that the body has since exercised and used corporate privileges and powers, that this is sufficient to make out a corporation de facto as regards third persons, notwithstanding a failure to prove a compliance with the conditions and requirements of law, although, in a proceeding directly by the Government, it would not be sufficient to establish a corporation de jure.
Certain acts of user of corporate powers were referred to. That is to say, certain conveyances were offered in evidence made to or from the Fifth Baptist Church eo nomine, and this was supposed to establish a user of corporate privileges.
*47 There is a manifest difference between a special act of incorporation and a general act of incorporation such as we have in force here. If a special law incorporates certain individuals by name, and they can show that they have subsequently exercised corporate powers, i. e., acted as a corporation, the authorities have held that, as against third persons, that is a sufficient evidence of a corporation de facto, notwithstanding a failure to comply with some of the conditions of the law. It would not be sufficient to show a charter to certain persons which required certain acts to be performed in order to amount to an organization under the charter, without going further. Nor would it be sufficient to show that any body of men had simply called themselves a corporation and assumed to act as such, without showing a charter.
Where there is a general incorporation act, it would be equally insufficient for any body of men to show that they had simply been acting as a corporation, without going further and showing some authority to do so. Nor would it be sufficient in addition to that to show or to offer in evidence, or invite attention simply to the fact that a general act of incorporation was in force in the jurisdiction. It would be necessary further to show that that general act of incorporation had become the special charter of these individuals in some way or other in order to make out a cas'e of a corporation de facto. In order to do that, it is necessary to show some steps taken towards an organization under the general incorporation act. Whether a mere tentative or colorable organization, supported by proof of user, would be sufficient, has been discussed here with considerable ability and show of authority, and it is a questiqn upon which there may be a difference of opinion.
But the trouble here is that, apart from this certified transcript offered in evidence, there is nothing in the case, no evidence aliunde, to show that this religious' body ever elected any trustees in order to get the benefit of this act, which is the very first step towards a corporate organization, or that any other thing was done towards this end.
*48 The controversy, therefore, is reduced to this question, whether the paper offered in' evidence here is, in itself, sufficient proof of corporate organization. I have already stated that this paper is not the paper which the law directs to be recorded. It complies with only one out of four particulars which the law prescribes for such a paper.
If there is anything well settled, it is that, if a paper be placed on record, which is neither directed or authorized to be recorded, the record is no evidence of the existence or contents of such original paper, and still less of any facts set forth, recited or declared in such paper. This certified copy of the certificate appearing on the land records is, therefore, no evidence that there ever was any such paper executed, and is no evidence that there ever was- an election of trustees for the obtaining of the benefits of the acts of Congress. Consequently, the record is barren of any evidence whatever tending to show the incorporation of 'this religious society under the general incorporation act, and the counsel below was right in asking the court to instruct the jury to find a verdict for the defendant, on the ground that plaintiff had failed to prove that it was a corporation, and that application being refused, there was error, and therefore a new trial must' be granted.